## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| GODFREY BONSU | : | |
| | : | |
| | : | Civil No. CCB-09-2157 |
| v. | : | Criminal No. CCB-05-0422 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |

## <u>MEMORANDUM</u>

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Godfrey Bonsu.  On September 15, 2005, a grand jury in the District of Maryland indicted Mr. Bonsu for conspiracy to import one or more kilograms of heroin and conspiracy to distribute and possess one or more kilograms of heroin.  Mr. Bonsu moved to suppress the evidence against him.  The court heard evidence on the suppression motion and issued an order denying the motion on January 13, 2006.  The court then held a jury trial at which Mr. Bonsu and his co-defendant, Victoria Boateng, were represented by separate counsel.  After five days of evidence, the jury returned a verdict of guilty for both defendants as to both counts.   The court subsequently sentenced Mr. Bonsu to a term of imprisonment of 168 months.  Mr. Bonsu and Ms. Boateng appealed their convictions and sentences to the Fourth Circuit, which affirmed the district court on all grounds.  *United States v. Bonsu*, 291 F. App'x 505 (4th Cir. 2008).

Mr. Bonsu has now moved for relief under § 2255, alleging he was denied effective assistance of counsel.  In a July 5, 2011 order, the court denied most of Mr. Bonsu's ineffective assistance of counsel claims on the grounds that they were contradicted by the record.  (ECF No.

131.)  Finding that Mr. Bonsu's petition raised an issue of fact as to whether he was properly

advised about his plea options, the court held an evidentiary hearing on November 22, 2011.  For

the reasons set forth below, Mr. Bonsu's § 2255 petition will be denied.


## Background


On August 17, 2009, Mr. Bonsu filed a § 2255 petition alleging ineffective assistance of

counsel on the grounds that his attorney, Gerald Ruter, failed to inform or advise him about the

option of pleading guilty.  (ECF No. 105.)  He also faulted his attorney for insufficiently

investigating the legitimacy of an audiotape entered into evidence against him, failing to obtain

an appropriate voice expert, and failing to advise him that false testimony could constitute

grounds for a sentencing enhancement.  On July 5, 2011, the court denied all of Mr. Bonsu's

claims of ineffective assistance of counsel except to grant an evidentiary hearing on the narrow

issue of whether his attorney failed to give him adequate information concerning his plea

options.[1]  (ECF No. 131.)  The court appointed counsel to represent Mr. Bonsu at the evidentiary

hearing.

At the hearing, the court heard testimony from Mr. Bonsu, Mr. Bonsu's trial attorney, Mr.

Ruter, and the prosecuting attorney on the case, James Warwick.  Mr. Bonsu testified that he

asked Mr. Ruter to pursue a plea agreement.  (Nov. 22, 2011 Transcript, p. 48-49.)  According to

Mr. Bonsu, Mr. Ruter informed him by phone at one point that the government had offered a

plea agreement under which Mr. Bonsu would be incarcerated for nine years.  Mr. Bonsu

---

[1] "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to
no relief, the court shall ... grant a prompt hearing thereon, determine the issues, and make findings of fact
and conclusions of law with respect thereto."  28 U.S.C. § 2255(b).  An evidentiary hearing is required
when a petitioner presents a colorable Sixth Amendment claim showing disputed material facts and a
credibility determination is necessary to resolve the issue.  *See United States v. Witherspoon*, 231 F.3d
923, 925-27 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

claimed Mr. Ruter advised him to reject the agreement and go to trial.  (T. at 49.)  Mr. Bonsu

further testified that Mr. Ruter sent him an email with a copy of the plea agreement attached.  (T.

at 54-55.)  Mr. Bonsu stated, however, that he no longer has the email or any record of the

alleged plea agreement.  (*Id.*)[2]

In his testimony, Mr. Ruter offered a very different version of his interactions with Mr.

Bonsu.  Mr. Ruter testified that he discussed with Mr. Bonsu the possibility of entering a plea or

cooperating with the government, but that Mr. Bonsu "was just as clear and unequivocal as a

client could be" that "he was absolutely and positively not guilty."  (T. at 26, 37.)  Mr. Ruter

testified that he recommended that Mr. Bonsu plead guilty and advised him to cooperate with the

government.  (T. at 34-35.)  Moreover, Mr. Ruter stated that Mr. Bonsu "absolutely never"

admitted to any involvement with drugs on any level and "professed his total innocence."  (T. at

36-37, 35.)  With respect to the plea agreement that Mr. Bonsu allegedly received by email, Mr.

Ruter testified that the government never extended a plea offer to Mr. Bonsu.  (T. at 24.)  Mr.

Ruter said he had no memory of receiving any plea agreement from the government and that a

thorough search of his files showed no record of a plea agreement or an email containing the

alleged agreement.  (T. at 29-30.)  Mr. Warwick corroborated this testimony, testifying that he

never reduced any plea agreement to writing in Mr. Bonsu's case and that any agreement would

have been constrained by the ten-year mandatory minimum in any event.  (T. at 69-70.)

## Discussion

---

[2] Mr. Bonsu also testified that Mr. Ruter failed to advise him about the possibility of sentencing
enhancements, but the court has already denied Mr. Bonsu's claim for habeas relief on that basis.  (T. at
51-52; ECF No. 131.)

As noted, the court has already ruled on several of Mr. Bonsu's ineffective assistance claims. At issue now are Mr. Bonsu's allegations that his attorney denied him advice and information about the option of pleading guilty.[3]

To sustain a claim for ineffective assistance, a petitioner must satisfy the two prong test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, the petitioner must show trial counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687-91. Specifically, the petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

While this case was pending, the Supreme Court held in *Lafler v. Cooper*, 566 U.S. __, 2012 WL 932019 (March 21, 2012), and *Missouri v. Frye*, 566 U.S. __, 2012 WL 932020 (March 21, 2012), that a defendant's Sixth Amendment right to effective assistance of counsel applies during the plea negotiation process. The Court reaffirmed that "claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri*, 2012 WL 932020 *5 (citing *Hill v. Lockhart,* 474 U.S. 52, 57 (1985)). Moreover, the Court held that "[b]ecause ours is for the most part a system of pleas, not a system of trials, it is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process." *Missouri*, 2012 WL 932020 *6 (internal citations

---

[3] Mr. Bonsu also presented arguments in support of his § 2255 petition in a post-hearing memorandum, which the court has reviewed. (ECF No. 143.)

and quotations omitted). The Court then set forth the test for defendants seeking habeas relief on the grounds of ineffective assistance at the plea stage. *See Lafler*, 2012 WL 932019 *5 ("[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.").

The *Lafler* test, however, does not require relief in this instance because the court does not find Mr. Bonsu's testimony about his attorney's performance to be credible. Rather, the court deems credible Mr. Ruter's testimony that he discussed the option of a plea agreement with Mr. Bonsu and that Mr. Bonsu categorically rejected it.[4] The court is not convinced of the veracity of Mr. Bonsu's claim that he received an email (which he can no longer find) from Mr. Ruter containing a plea agreement – particularly in light of Mr. Ruter's credible testimony that he has no recollection or record of such a plea agreement and Mr. Warwick's credible testimony that he never reduced any plea agreement to writing. Furthermore, the court notes that it has already made an adverse credibility finding as to Mr. Bonsu, finding that his testimony at the suppression hearing was not believable. In fact, the court applied a two-level obstruction of justice enhancement to Mr. Bonsu's sentence on account of his false testimony at the suppression hearing. *See United States v. Bonsu*, 291 F. App'x 505, 514-515 (4th Cir. 2008). Thus, the court finds that Mr. Bonsu has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness. *See, e.g., United States v. Ferguson*, 2011 WL 2792383 *3-4 (D.S.C. 2011) *appeal dismissed,* 2012 WL 432834 (4th Cir. 2012) (rejecting an ineffective assistance of counsel claim on credibility grounds after an evidentiary hearing); *Matthews v.*

---

[4] The court notes that Mr. Ruter is an experienced defense attorney who was appointed to this case under the Criminal Justice Act (CJA). (T. at 3.)

*United States*, 514 F. Supp. 2d 827, 835-37 (E.D. Va. 2007) *aff'd*, 384 F. App'x 214 (4th Cir. 2010) (denying habeas relief on credibility grounds after evidentiary hearing); *United States v. Martin*, 454 F. Supp.2d 278, 285 (E.D. Pa. 2006) (granting evidentiary hearing on an ineffective assistance of counsel claim), 2007 WL 1181018 *3 (E.D. Pa. 2007) (denying habeas claim after evidentiary hearing on the grounds that the petitioner failed to show his attorney was ineffective).[5]

*Certificate of Appealability*

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion.  28 U.S.C. § 2253(c)(1)(B).  An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability."  *Id.*  A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003) (internal quotations omitted).  Mr. Bonsu has not made the requisite showing for this court to issue a certificate of appealability.

---

[5] Unpublished opinions are not binding and are cited only for their reasoning.

In summary, Mr. Bonsu has failed to show any grounds for relief under 28 U.S.C. § 2255.

A separate order follows.


April 4, 2012                                        _____/S/_____
Date                                                Catherine C. Blake
                                                    United States District Judge